MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JONATHAN  MATEO, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| DJKM LANE FOOD CORP.  (D/B/A FOOD UNIVERSE MARKETPLACE) and ALEX LOPEZ , | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Jonathan  Mateo ("Plaintiff Mateo" or "Mr. Mateo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against DJKM LANE FOOD CORP. (d/b/a Food Universe Marketplace), ("Defendant Corporation") and Alex Lopez, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Mateo is a former employee of Defendants DJKM LANE FOOD CORP. (d/b/a Food Universe Marketplace) and Alex Lopez.

2.      Defendants own, operate, or control a supermarket, located  at 126 Featherbed Ln, Bronx, NY 10452 under the name "Food Universe Marketplace".

3.      Upon information and belief, individual Defendant Alex Lopez, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the supermarket as a joint or unified enterprise.

4.      Plaintiff Mateo was employed as  a deli manager at the supermarket located at 126 Featherbed Ln, Bronx, NY 10452.

5.      At all times relevant to this Complaint, Plaintiff Mateo worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Mateo appropriately for any hours worked at the straight rate of pay .

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Mateo wages on a timely basis.

8.Defendants' conduct extended beyond Plaintiff Mateo to all other similarly situated employees.

9.At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mateo and other employees to work  without providing the minimum wage compensation required by federal and state law and regulations for an executive employee.

10.     Plaintiff Mateo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Mateo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Mateo's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a supermarket located in this district. Further, Plaintiff Mateo was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.     Plaintiff Jonathan  Mateo ("Plaintiff Mateo" or "Mr. Mateo") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Mateo was employed by Defendants at Food Universe Marketplace from approximately April 2018 until on or about July 30, 2020.

16.     Plaintiff Mateo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a supermarket, located at 126 Featherbed Ln, Bronx, NY 10452 under the name "Food Universe Marketplace".

18.     Upon information and belief, DJKM LANE FOOD CORP. (d/b/a Food Universe Marketplace) is a domestic corporation organized and existing under the laws of the State of New

York. Upon information and belief, it maintains its principal place of business at 126 Featherbed Ln, Bronx, NY 10452.

19.     Defendant Alex Lopez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alex Lopez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alex Lopez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Mateo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

20.     Defendants operate a supermarket located in the Morris Heights section of the Bronx in New York City.

21.     Individual Defendant, Alex Lopez, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Mateo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mateo, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Mateo (and all similarly situated employees) and are Plaintiff Mateo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Mateo and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant Alex Lopez operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Mateo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Mateo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Mateo's services.

28.     In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the supermarket on a daily basis are goods produced outside of the State of  New York.

*Individual Plaintiff*

30.     Plaintiff Mateo is a former employee of Defendants who was employed as a deli manager.

31.     Plaintiff Mateo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jonathan  Mateo*

32.     Plaintiff Mateo was employed by Defendants from approximately April 2018 until on or about July 30, 2020.

33.     Defendants employed Plaintiff Mateo as a deli manager.

34.     Plaintiff Mateo regularly handled goods in interstate commerce, such as produce and other supplies produced outside the State of New York.

35.     From approximately December 2018 until on or about July 30, 2020, Plaintiff Mateo worked from approximately 7:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 54 hours per week).

36.     Throughout his employment, Defendants paid Plaintiff Mateo his wages in a combination of check and cash.

37.     From approximately December 2018 until on or about July 30, 2020, Defendants paid Plaintiff Mateo a fixed salary of $780 per week.

38.     Defendants only granted Plaintiff Mateo 30-minute meal periods three Saturdays per month.

39.     In order to get paid, Plaintiff Mateo was required to sign a document in which Defendants misrepresented the hours that he worked per week.

40.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mateo regarding overtime and wages under the FLSA and NYLL.

41.     Defendants did not provide Plaintiff Mateo an accurate statement of wages, as required by NYLL 195(3).

42.     In fact, Defendants adjusted Plaintiff Mateo's paystubs so that they reflected inaccurate wages and hours worked.

43.     Defendants did not give any notice to Plaintiff Mateo, in English and in Spanish (Plaintiff Mateo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

44.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mateo (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws for executive employees.

45.     Plaintiff Mateo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

46.     Defendants' pay practices resulted in Plaintiff Mateo not receiving payment for all his hours worked, and resulted in Plaintiff Mateo's effective rate of pay falling below the required minimum wage rate for executive employees.

47.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Mateo worked.

48.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

49.     Defendants required Plaintiff Mateo to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiff Mateo his wages in a combination of check and cash.

50.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

51.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mateo (and similarly situated individuals) worked, and to avoid paying Plaintiff Mateo properly for his full hours worked.

52.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

53.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mateo and other similarly situated former workers.

54.     Defendants failed to provide Plaintiff Mateo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

55.     Defendants failed to provide Plaintiff Mateo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

56.      Plaintiff Mateo brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

57.     At all relevant times, Plaintiff Mateo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

58.     The claims of Plaintiff Mateo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

59.     Plaintiff Mateo repeats and realleges all paragraphs above as though fully set forth herein.

60.     At all times relevant to this action, Defendants were Plaintiff Mateo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Mateo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

61.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

62.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

63.     Defendants failed to pay Plaintiff Mateo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

64.     Defendants' failure to pay Plaintiff Mateo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

65.     Plaintiff Mateo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

66.      Plaintiff Mateo repeats and realleges all paragraphs above as though fully set forth herein.

67.     At all times relevant to this action, Defendants were Plaintiff Mateo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Mateo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

68.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mateo less than the minimum wage.

69.     Defendants' failure to pay Plaintiff Mateo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

70.     Plaintiff Mateo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

71.     Plaintiff Mateo repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants failed to provide Plaintiff Mateo with a written notice, in English and in Spanish (Plaintiff Mateo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

73.     Defendants are liable to Plaintiff Mateo in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

74.     Plaintiff Mateo repeats and realleges all paragraphs above as though fully set forth herein.

75.     With each payment of wages, Defendants failed to provide Plaintiff Mateo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

76.     Defendants are liable to Plaintiff Mateo in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

77.      Plaintiff Mateo repeats and realleges all paragraphs above as though set forth fully herein.

78.     Defendants did not pay Plaintiff Mateo on a regular weekly basis, in violation of NYLL §191.

79.     Defendants are liable to Plaintiff Mateo in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mateo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mateo and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mateo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mateo and the FLSA Class members;

(e)     Awarding Plaintiff Mateo and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Mateo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mateo;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Mateo;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mateo's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Mateo;

(k)     Awarding Plaintiff Mateo damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiff Mateo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Mateo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Mateo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Mateo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mateo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 19, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
            Michael Faillace [MF-8436]
            60 East 42nd Street, Suite 4510
            New York, New York 10165
            Telephone: (212) 317-1200
            Facsimile: (212) 317-1620
            *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 28, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Jonathan Mateo

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            28 de septiembre de 2020

Certified as a minority-owned business in the State New York