UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN MATEO, *individually and on behalf of others similarly situated*,<br><br>*Plaintiff*,<br><br>-against-<br><br>ABC FIVE WINGS INC. (D/B/A FOOD UNIVERSE MARKETPLACE) and ALEX LOPEZ,<br><br>*Defendants*. | 1:21-cv-04518-KPF-JW<br><br>SETTLEMENT AGREEMENT AND RELEASE |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff JONATHAN MATEO ("Plaintiff") on the one hand, and Defendants ABC FIVE WINGS INC. (D/B/A FOOD UNIVERSE MARKETPLACE) and ALEX LOPEZ (collectively "Defendants"), on the other hand. (Plaintiff and Defendants are collectively denoted as the ("Parties.").

**WHEREAS**, Plaintiff alleges that he was previously employed by Defendants;

**WHEREAS**, a dispute ensued between Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, captioned *Mateo, et al v. DJKM Lane Food Corp, et al*; No: 1:21-cv-04518-KPF-JW (hereinafter "the Litigation"), alleging violations of federal and state wage and hour and overtime laws;

**WHEREAS**, Defendants deny any violation of federal and state wage and hour and overtime laws, including but not limited to all laws asserted by Plaintiff in the Litigation;

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Payment**: Defendants shall pay or cause to be paid to Plaintiff's counsel, subject to the terms and conditions of this Agreement, the total sum of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) (the "Settlement Amount"). The total Settlement Amount shall be mailed within the latter of (1) 30 days of Court approval of this Agreement and dismissal of the Action with prejudice, or (2) Defendant's receipt of a Federal form W-2 and W-9 signed by Plaintiff and a Federal form W-9 signed by Plaintiff's counsel. Such Settlement Amount shall be mailed *via* first-class mail to CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165. The Settlement Amount she be paid as follows:

1

    a. the gross amount of Two Thousand Three Hundred Eleven Dollars and Sixty-Seven Cents ($2,311.67) payable to "Jonathan Mateo," less normal and ordinary payroll deductions required by law, for which Mateo will be issued an IRS Form W-2, representing payment for any and all alleged unpaid wages;

    b. the gross amount of Two Thousand Three Hundred Eleven Dollars and Sixty-Seven Cents ($2,311.67) payable to "Jonathan Mateo," which represents payment for alleged liquidated damages, emotional distress, penalties, and interest available under applicable law, for which Mateo will be issued an IRS Form 1099-MISC in accordance with IRS regulations;

    c. one check made payable to the "CSM Legal P.C." in the gross amount of Two Thousand Eight Hundred Seventy-Six Dollars and Sixty-Six Cents, for which the Company will issue the CSM Legal P.C. an IRS Form W-9, representing payment for any and all attorneys' fees and costs Mateo may have incurred;

Subject to the Notice of Default provisions of Paragraph 7 below, failure of Defendants to timely pay the Settlement Amount in the manner prescribed in subparagraph 1(a) shall render all Defendants in default with respect to this Agreement. Similarly, and subject to the Notice of Default provisions of Paragraph 7 below, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render Defendants in default with respect to this Agreement.

Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed in the event of Plaintiff's non-payment of taxes on any portion of the Settlement Amount paid to Plaintiff. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or Defendants' counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

    2.    **<u>Release and Covenant Not To Sue</u>**: Plaintiff and Defendants hereby irrevocably and unconditionally release from, and forever discharge and covenant not to sue each other, and for each of them, any and all of their heirs, successors, predecessors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, employees, former employees, attorneys, legal representatives and managers (collectively "Releasees"), of and from any wage and hour actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgements, obligations, claims, charges, complaints, appeals, and demands whatsoever, in law or equity, which he may have against Releasees as of the date of the execution of this Agreement, whether known or unknown, asserted or unasserted, including but not limited to, any alleged violation of the Fair Labor Standards Act, 29 U.S.C.§ 201 <u>et seq.</u>, the New York Labor Law, the New York Minimum Wage Law and all wage orders, the New York Wage and Wage Payment laws, any other federal, state, city or local wage-hour, wage-payment laws, rules regulations and/or guidelines, constitutions or ordinances; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, arising from any purported wage and hour violation and based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

3. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order, or that Defendants or any Releasee has committed any wrong against Plaintiff.

4. **No Publication:** Plaintiff agrees that he will not in any manner publicize the terms of this Settlement Agreement, which includes notifying any member of the media regarding the terms and conditions of the Settlement Payment or Agreement and posting or disseminating the terms and conditions of the Settlement Payment or Agreement on any social media (including, but not limited to, Facebook, Twitter, Instagram, Law 360, or similar outlets). Such prohibition extends to dissemination of any information, whether oral, electronic, or in any document form, including, but not limited, to providing copies of this Agreement and information regarding the terms of this Agreement. Dissemination of this Agreement and the terms set forth herein shall be limited to filing documents with the Court, as is necessary to effectuate the Agreement, as may be required by law or governmental agency, for tax purposes, or pursuant to subpoena or court order. Plaintiff may state that the matter has been settled to the satisfaction of the Parties. Notwithstanding the aforementioned provision, nothing herein shall preclude Plaintiff from disclosing any information to any agency of the federal, state, or local government or court pursuant to court order and/or subpoena, for which appearance Plaintiff may receive any fees allowed by law. Nothing in this Paragraph 4 shall prohibit the Parties from speaking truthfully about their claims and/or defenses, under the FLSA or NYLL, or the resolution thereof. Further, nothing in this Paragraph 4 shall prevent the Parties from filing the executed Settlement Agreement with the Court for approval or the Court from filing the resolution of those claims.

5. **Entire Agreement/Modification of the Agreement:** This Agreement represents the complete and full settlement of any and all claims of Plaintiff against Defendants or any Releasee under the FLSA and NYLL and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof. This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties, and with judicial approval.

6. **Acknowledgments and Affirmations**: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement. Plaintiff understands and agrees that he would not receive the monies set forth in Paragraph 1 above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

Plaintiff affirms that he has not filed or caused to be filed, and is not presently a party to, any claim against any of the Defendants, except for his claims in the Litigation, which he agrees to dismiss with prejudice. The Parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

7.  **Default:** In the event of Default, as defined in Paragraph 1 above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement provided that no such court intervention shall be sought until ten business days elapse following the giving of notice, in accordance with and as defined in Paragraph 8 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

8.  **Notices:** Notices required under this Agreement, included but not limited to the Notice required by Paragraph 7, shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered:

**To Plaintiff:**

Jarret Bodo, Esq.
CSM Legal, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: Jarret@csm-legal.com

**To Defendants:**

Justin R. Marino
Stevenson Marino LLP
105 Maxess Road, Suite 124
Melville, NY 11747
212.939.7228
Email: jmarino@stevensonmarion.com

9.  **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Eastern District of New York and the New York County Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the New York County Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval

of this Agreement shall be construed as a dismissal of the Litigation with prejudice subject to an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

       10. **Enforceability:** If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

       11. **Jointly Drafted Agreement**. This Agreement shall be deemed to have been jointly drafted by the Parties, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision or this Agreement as a whole.

       12. **No Waiver**. Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

       13. **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with CSM Legal, P.C. Plaintiff acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in his native languages and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

       14. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

[INTENTIONALLY OMITTED]

**AGREED:**

**PLAINTIFFS**

_____          Date: _____
JONATHAN MATEO

**INDIVIDUAL DEFENDANTS**

DocuSigned by:
*Alex Lopez*
A9BB00673F5A43A...                      Date: 12/5/2022
_____                _____
ALEX LOPEZ

**CORPORATE DEFENDANTS**

**ABC FIVE WINGS, INC. (D/B/A FOOD UNIVERSE MARKETPLACE)**

DocuSigned by:
*Alex Lopez*
A9BB00673F5A43A...                      Date: 12/5/2022
_____                _____
(signature)

6

**AGREED:**

**PLAINTIFFS**

___*Jonathan Mateo*___   Date: __12/5/22__
JONATHAN MATEO

**INDIVIDUAL DEFENDANTS**

_____   Date: _____
ALEX LOPEZ

**CORPORATE DEFENDANTS**

**ABC FIVE WINGS, INC. (D/B/A FOOD UNIVERSE MARKETPLACE)**

_____   Date: _____
(signature)

6